**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ELEGANT EGLO, LLC,**                     Case No. 1:19-CV-02671

            **Plaintiff,**
    -vs-
                                          **JUDGE PAMELA A. BARKER**

**ONYX INSURANCE COMPANY, INC.,**
**ET AL.**
                                       **MEMORANDUM OPINION AND**
            **Defendants.**          **ORDER**

Currently pending is Defendant American Specialty Insurance Group, Inc.'s ("American Specialty") Motion for Judgment on the Pleadings and Request for Attorney's Fees and Sanctions ("American Specialty's Motion"). (Doc. No. 13.) Plaintiff Elegant Eglo, LLC filed a Brief in Opposition to American Specialty's Motion, or Alternatively, a Motion to Treat Defendant's Motion as a Motion for Summary Judgment and Plaintiff's Notice of Intent to File Motion for Attorney's Fees and Sanctions ("Plaintiff's Response"). (Doc. No 14.) American Specialty filed a Reply in Support of its Motion for Judgment on the Pleadings and Response to Plaintiff's Notice of Intent to Seek Attorneys Fees and Sanctions. (Doc. No. 15.)

For the reasons that follow, American Specialty's Motion is DENIED; and Plaintiff's Motion to Treat Defendant's Motion as a Motion for Summary Judgment is DENIED.

**Procedural History and Facts[1]**

On January 26, 2018 Orelia Jones ("Ms. Jones") filed a complaint in the Cuyahoga County Court of Common Pleas, Case No. CV-18-892122 including Plaintiff herein, Elegant Eglo, LLC ("Elegant") as a named defendant and alleging injuries and damages resulting from a May 20, 2017 incident that occurred when Elegant was transporting Ms. Jones to a doctor's appointment. Also named as defendants therein were Pierre Iglo ("Mr. Iglo") and State Farm Mutual Ins. Co. ("State Farm"). On August 21, 2018, Elegant filed a Complaint for Declaratory Judgment and Money Damages against State Farm in the Cuyahoga County Court of Common Pleas, Case No. CV-18-902479, which was consolidated with Case No. CV-18-892122. On March 12, 2019, Judge McDonnell granted summary judgment in favor of State Farm.[2] For purposes of State Farm's summary judgment motion, it was stipulated by and between State Farm and Elegant that the 2016 Dodge Caravan that was being operated by Mr. Iglo to transport Ms. Owens at the time of the May 20, 2017 incident was owned by Mr. Iglo and identified on the State Farm policy issued to Mr. Iglo and Ayawovi Eglo.[3] On May 14, 2019, Ms. Jones filed a First Amended Complaint in Case No. CV-18-892122, that included Pierre Eglo and Fofoli Eglo as new party defendants, and that case remains pending.

---

[1] Included in the Court's recitation of the Procedural History and Facts is information gleaned through review of the Cuyahoga County Court of Common Pleas docket and referenced in American Specialty's Motion. This Court "may take judicial notice of developments in related proceedings in other courts of record," and examine the record in the state court in an effort to ascertain the facts. *Walburn v. Lockhead Martin Corp.*, 431 F.3d 966, 972 n5 (6th Cir. 2005) (quoting *Rodiz v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); and *Granader v. Public Bank*, 417 F.2d 75, 82, 83 (6th Cir. 1969) (citing cases), *cert. denied*, 397 U.S. 1065, 90 S. Ct. 1503, 25 L.Ed.2d 686 (1970).

[2] Cuyahoga County Court of Common Pleas Docket, Case No. CV-18-902479, 3/12/2019 Journal Entry granting Motion for Summary Judgment filed on behalf of State Farm Mut. Ins. Co.

[3] Cuyahoga County Court of Common Pleas Docket, Case No. CV-1892122, Motion No. 4750381, Ex. A attached thereto.

On August 20, 2019 Elegant filed a Complaint for Declaratory Judgment and Money Damages in the Cuyahoga County Court of Common Pleas, Case No. CV-19-920073, naming Onyx Insurance Company, Inc. ("Onyx") and American Specialty as defendants, which was removed to this Court on November 14, 2019.

Elegant's Complaint against Onyx and American Specialty alleges in relevant part that: as of May 20, 2017 Elegant qualified as an insured under an insurance policy #:OIC-OH-0000910-03 carried by Onyx and that Onyx has wrongfully refused to indemnify it for Ms. Jones' claim at issue in the underlying suit, CV-18-892122 and has refused to provide it with a defense in that lawsuit;[4] and Elegant retained the services of American Specialty to serve as broker/agent to obtain motor vehicle liability insurance on the motor vehicle in question but American Specialty negligently and/or in violation of contract, failed to obtain the coverage required, causing Elegant to suffer contractual and tort damages, including but not limited to incurring attorney's fees and litigation expenses, and exposure to liability.[5] The copy of the Onyx Business Auto Policy Elegant attached to its Complaint lists four vehicles and includes a Certificate of Liability Insurance that lists American Family as the producer of the policy;[6] and the copy of the Onyx Business Auto Policy that Onyx attached to its Answer and Counterclaim includes three listed vehicles.[7] The 2016 Dodge Caravan is not included or listed on either of these attached Onyx policies.[8]

**Law and Argument**

**Standard for Judgment on the Pleadings**

---

[4] Doc. No. 1-3, PageID#9.
[5] *Id.*
[6] Doc. No. 1-3 PageID#23, 11.
[7] Doc. No. 1-3 Page ID#52.
[8] Doc. No. 1-3 Page ID#23, 52.

3

Motions for judgment on the pleadings under Fed.R.Civ.P. 12(c) are analyzed under the same standard as motions to dismiss under Fed.R.Civ.P. 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009).

**Arguments and Analysis**

Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. Fed.R.Civ.P. 10(c). Thus, this Court can consider, and is considering the Onyx Business Auto policies attached to Plaintiff's Complaint and American Specialty's Answer and Counterclaim.

American Specialty argues that it is entitled to judgment on the pleadings because the 2016 Dodge Caravan was listed on the State Farm policy and is not listed on the Onyx policy. Apparently,

American Specialty believes that because the 2016 Dodge Caravan is listed on the State Farm personal auto policy issued to Mr. Iglo, but is not listed on the Onyx policy, it is axiomatic that Mr. Iglo could not have requested American Family, the agent/broker listed on the Onyx policy, to secure insurance on the 2016 Dodge Caravan through Onyx. This Court disagrees.

As Plaintiff correctly asserts, Ohio recognizes a cause of action for an insurance agent's negligent failure to procure insurance.[9] Plaintiff argues that the fact that the 2016 Dodge Caravan is not listed on the Onyx policy "actually establishes that American Specialty failed to procure insurance for that vehicle, an element of Plaintiff's claim for negligent failure to procure insurance."[10] Simply put, this Court finds that whether or not Plaintiff requested that American Specialty obtain insurance coverage for the 2016 Dodge Caravan is a factual issue that can and should be developed through discovery. And, for this reason, the Court rejects American Specialty's arguments that Plaintiff's claim is barred by the doctrine of judicial estoppel and that American Specialty is entitled to sanctions, to include costs and attorney fees.

Accordingly, American Specialty's Motion is DENIED and Plaintiff's Motion to Treat Defendant's Motion as a Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**

Date: March 26, 2020

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[9] Plaintiff's Response, Doc. No. 14 (PageID#320), citing and quoting from *Minor v. Allstate Ins. Co.*, 111 Ohio App,.3d 16, 675 N.E.2f 550 (2nd Dist. 1996), and other Ohio cases cited.
[10] Plaintiff's Response, Doc. No. 14 (PageID #320.)