**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Elegant Eglo, LLC,** | Case No. 1:19-cv-02671 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Onyx Insurance Company, Inc, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants** | |

Currently pending is Plaintiff Elegant Eglo, LLC's ("Elegant" or "Plaintiff") Motion for Leave to Voluntarily Dismiss Without Prejudice filed on September 25, 2020 ("Plaintiff's First Motion") (Doc. No. 34.)  On October 8, 2020, Defendant Onyx Insurance Company, Inc. ("Onyx") filed a Brief in Opposition to Plaintiff's Motion ("Onyx's Opposition") (Doc. No. 37), and on October 9, 2020, Defendant American Specialty Insurance Group, Inc. ("ASIG") filed an Opposition to Plaintiff's Motion and Motion for Dismissal With Prejudice and/or Fees ("ASIG's Opposition") (Doc. No. 38).

Also pending is Plaintiff's Motion for Extension of All Deadlines, to include the fact discovery deadline, the exchange of expert reports and expert discovery deadlines, and the dispositive motion deadline, filed on September 30, 2020 ("Plaintiff's Second Motion") (Doc. No. 36).  In Onyx's Opposition, Onyx represents that it does not oppose Plaintiff's Second Motion, and in ASIG's Opposition, ASIG does not address Plaintiff's Second Motion.

On October 9, 2020, ASIG filed a Motion for Summary Judgment (Doc. No. 40), on October 12, 2020, Onyx filed a Motion for Summary Judgment (Doc. No. 41), and on October 14, Plaintiff filed a Motion to Defer Consideration of Defendants' Motions for Summary Judgment,

1

Allow Time to Take Discovery, or To Deny Them ("Plaintiff's Third Motion") (Doc. No. 43). Onyx has not opposed Plaintiff's Third Motion. However, ASIG filed its Brief in Opposition to Plaintiff's Third Motion on October 27, 2020 (Doc. No. 45). Plaintiff did not file a reply in support of its Third Motion.

Finally, on October 12, 2020, ASIG filed a Motion for Extension of Expert Report Deadline ("ASIG's Motion") (Doc. No. 42). Plaintiff and Onyx have not opposed ASIG's Motion. All of the motions currently pending are now ripe for decisions.

For the following reasons, Plaintiff's First Motion (Doc No. 34) is GRANTED, and therefore, the remaining pending motions are DENIED AS MOOT.

**I.** **Background and Procedural History**

The instant lawsuit was originally filed by Plaintiff in the Cuyahoga County Court of Common Pleas on August 20, 2019. While this matter was pending in state court, ASIG filed an Answer and Onyx filed an Answer and Counterclaim for Declaratory Judgment. (Doc. No. 1-3.) This matter was thereafter removed to this Court on November 14, 2019. (Doc. No. 1.) On December 18, 2019, Onyx filed a Motion for Leave to File Dispositive Motion and ASIG filed a Motion for Leave to File Summary Judgment Motion. (Doc. Nos. 9 and 10.) On December 19, 2019, Plaintiff filed briefs in opposition to these motions. (Doc. Nos 11 and 12.) By a non-document order entered on December 20, 2020, the Court denied both motions.

On January 9, 2020, ASIG filed a Motion for Judgment on the Pleadings and Motion for attorney fees and Motion for sanctions. (Doc. No. 13.) After Plaintiff opposed the motion, and ASIG filed a reply in support of it, the Court conducted a conference with the parties on February 6, 2020. (Doc. Nos. 14, 15 and 17.) The Court directed the parties to notify the Court by March 2, 2020 as to whether an agreement by all parties to dismiss their respective claims without

prejudice could be reached. (Document No. 17.) On February 19, 2020, ASIG filed a notice of service of written discovery upon Plaintiff. (Doc. No. 19). On February 25, 2020, Plaintiff filed a Notice of Service of Plaintiff's Responses to First Request for Admissions to Plaintiff, and on February 28, 2020, Plaintiff filed a Notice to take Deposition of ASIG's Employee Patrick Grubb on March 30, 2020 at 1:00 p.m. (Doc. Nos. 21 and 22.) On February 28, 2020, a Notice of No Agreement to a Global Dismissal of All Claims by All Parties Without Prejudice was filed. (Doc. No. 23.)

On March 26, 2020, the Court issued a Memorandum Opinion and Order denying ASIG's Motion for Judgment on the Pleadings, Motion for Attorney Fees and Motion for Sanctions. (Doc. No. 26.) That same day, the Court conducted a case management conference and issued a case management scheduling order. (Doc. No. 27.)

On March 31, 2020 and May 13, 2020, the parties filed joint motions seeking extensions of all discovery deadlines by 60 days and 90 days, respectively, "due to the social distancing norms that have been imposed by Governor DeWine and advocated for by public health officials" and to "allow for this matter to proceed while accounting for the social distancing necessitated by the novel CIVID-19 virus." (Doc. Nos. 29 and 33.) The Court granted both motions and on May 13, 2020, issued an order that in relevant part set a non-expert or fact discovery deadline of September 30, 2020, set a deadline for the party seeking to introduce expert testimony to exchange its expert report(s) by October 12, 2020, and set a dispositive motion deadline of October 12, 2020.

In Plaintiff's First Motion, Plaintiff submits that this action was brought with the anticipation that the plaintiff in the underlying tort action arising from a motor vehicle accident allegedly caused by Plaintiff's driver and pending in Cuyahoga County Court of Common Pleas would intervene in this action, but she has not done so. That underlying tort action is scheduled

3

for trial on January 6, 2021 and the presiding judge has declined to stay that action pending a decision from this Court concerning whether or not ASIG negligently failed to procure liability coverage which would have covered the loss, and/or that coverage does exist, but Onyx has wrongfully refused to provide Plaintiff with a defense and indemnify it in the underlying tort action. Plaintiff submits that its damages can only be ascertained after the underlying tort action is concluded. Plaintiff also asserts that discovery in this matter has been hampered due to the Coronavirus pandemic, that Defendants are located out of state, and Plaintiff lacks the resources to take depositions and otherwise pursue discovery.

Plaintiff also asserts that the existence of Onyx's Counterclaims seeking declarations that Onyx does not insure the vehicle and does not insure the driver involved in the accident and therefore, does not owe liability coverage to Plaintiff for the underlying tort claim(s) should not be a bar to allowing dismissal of Plaintiff's claim without prejudice since Onyx will be free to re-assert them if and when Plaintiff re-files the instant matter. Plaintiff maintains that litigation costs and judicial resources will be saved by granting Plaintiff's First Motion.

In Plaintiff's Second Motion, Plaintiff asks this Court to extend all of the deadlines in this case, reasserting the fact that the trial of the underlying tort claim(s) will not take place until January 6, 2021 and therefore, Plaintiff's damages cannot be ascertained until then; and more fully detailing why the Coronavirus pandemic has impeded Plaintiff's counsel's ability to travel to take depositions of the out-of-state Defendants.

In Onyx's Opposition to Plaintiff' First Motion, it represents that it does not oppose Plaintiff's Second Motion requesting an extension of the deadlines, and indeed, asserts that "[g]ranting the motion for extension should relieve any concerns relative to the completion of any discovery claimed to be necessary to prosecute the case." (Onyx's Opposition, PageID # 381.)

Onyx does oppose Plaintiff's First Motion requesting that Plaintiff be allowed to dismiss this action without prejudice because: its counterclaims for declaratory judgment are pending and allowing Plaintiff to dismiss this case without prejudice could, upon re-filing, allow Plaintiff to rely on the empty chair that ASIG could leave behind; and Onyx seeks final resolution of the instant matter sooner, rather than later, and should have the right to proceed on all claims in order to obtain a reasonably expeditious and final resolution.

In ASIG's Opposition, AISG argues that Onyx's Counterclaims, along with the substantial time, effort and expense it has committed to defending this case over the past thirteen months, prevent the Court from dismissing Plaintiff's claims without prejudice. Alternatively, ASIG argues that if the Court is inclined to grant Plaintiff's First Motion, it should be awarded attorney fees and costs associated with defending this action should Plaintiff pursue a subsequent action against it.

In support of its arguments, ASIG outlines the procedural history in state court, and asserts that while Plaintiff has engaged in very limited discovery in this matter, ASIG has invested a substantial amount of time and effort in completing discovery, and preparing (and ultimately filing on the October 12, 2020 dispositive motion deadline) a dispositive motion, and securing experts. Citing and relying upon Fed. R. Civ. P. 41(a)(2), and case law interpreting and applying the rule, ASIG argues that it would suffer "plain legal prejudice" if Plaintiff's First Motion is granted and therefore, it should be denied.

In Plaintiff's Third Motion, Plaintiff cites to Fed. R. Civ. P. 56(d) to support its request that at a minimum decisions on the motions for summary judgment filed by Onyx and ASIG should be deferred since depositions of numerous employees of Defendants who reside out of state need to be taken and Plaintiff's counsel's ability to conduct them in person has been thwarted by the

Coronavirus pandemic, and the voluminous records that need to be addressed during those depositions make video depositions impractical. Onyx has not opposed Plaintiff's Third Motion, but ASIG has.

In ASIG's Brief in Opposition to Plaintiff's Third Motion, ASIG cites to Fed. R. Civ. P. 56(d) and case law applying and interpreting that rule for its arguments that because Plaintiff has not submitted an affidavit or declaration attesting that it cannot present facts essential to justify its opposition to ASIG's Motion, identifying what discovery it needs, or how the needed discovery will assist in opposing summary judgment, Plaintiff's Third Motion must be denied. ASIG also argues that no fact discovery is needed to resolve the purely legal issue raised in its Motion for Summary Judgment, i.e., application of the economic loss doctrine to bar Plaintiff's recovery against ASIG, and granting Plaintiff's Third Motion is not in the interests of justice.

Plaintiff did not file a reply to ASIG's Brief in Opposition that could have included such an affidavit or declaration.

In ASIG's Motion, ASIG requests an extension of time until January 11, 2021 within which to produce its expert report(s) because of the current procedural posture of the matter, the fact that depositions have not commenced and because discovery has not been completed due to restrictions related to the COVID-19 pandemic.

**II.** **Analysis**

A decision to allow a voluntary dismissal without prejudice is improper if the defendant would suffer "plain legal prejudice" and in making that determination, a Court must consider four factors: 1.) the amount of time, effort and expense the defendant has incurred in trial preparation; 2.) any excessive delay and lack of diligence on the part of a plaintiff in prosecuting the action; 3.)

an insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Grover v. Eli Lilly and Company*, 33 F.3d 716, 718 (6th Cir. 1994).

The first factor – the amount of time, effort and expense ASIG has incurred in trial preparation – does not weigh in favor of a finding that ASIG will suffer "plain legal prejudice" if the Plaintiff's First Motion is granted. A trial date has not been set and ASIG has not demonstrated that it has incurred any time and expense in preparing for a trial that has not been scheduled. The background and procedural history section of this Memorandum Opinion and Order demonstrates that ASIG has spent time, effort and expense in seeking leave to file a summary judgment motion before Plaintiff had had the opportunity to conduct discovery, and when that motion was denied, in preparing the motion for judgment on the pleadings which was denied. Subsequently, and at the first scheduled case management conference held on February 6, 2020, Plaintiff represented that it would dismiss the case without prejudice if Defendants would agree. However, Defendants, including ASIG, would not agree. So, any time, effort and expense incurred in this matter by ASIG after February 6, 2020 can be attributed to ASIG's own decision not to agree to allow Plaintiff to dismiss the matter without prejudice at that early juncture.

Moreover, the second case management conference was held on March 26, 2020, or three days after Governor DeWine had declared a state of emergency due to the COVID-19 pandemic. Subsequent thereto, and aside from some written discovery requests served by ASIG on March 30, 2020, no real discovery took place and indeed, ASIG joined in the two requests to extend the discovery deadlines by 60 days and 90 days due to the pandemic. And, although ASIG has indicated that it retained experts, the record establishes that it filed a motion to continue the deadline for exchanging its expert report(s).

The second factor – any excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action – does not weigh either in favor of or against a determination that ASIG will suffer "plain legal prejudice" if the Court grants Plaintiff's First Motion. The COVID-19 pandemic has served as the bases for two motions filed jointly by the parties to extend the deadlines in this case, and serves as one of the explanations as to why Plaintiff's counsel has been unable to conduct necessary out of state depositions. Indeed, the pandemic also serves as one of the bases set forth by ASIG in support of ASIG's Motion. And, the record demonstrates that on the same date that the court was notified that the parties were unable to agree to a global dismissal of all claims, Plaintiff filed a notice to take the deposition of ASIG's employee, Patrick Grubb. Thus, Plaintiff was diligent in noticing that deposition before the pandemic hit.

However, one of the other explanations given by Plaintiff in support of Plaintiff's First Motion is the expense associated with conducting out of state depositions, which is not a valid explanation. And, the final explanation – that Plaintiff is awaiting the outcome of the trial of the tort case filed in state court – is not valid either, as it too is intertwined with Plaintiff's position that its time and expenses have been devoted to that case, and not this case.

The third factor – an insufficient basis for the need to dismiss – does not weigh either in favor or against a determination that ASIG will suffer "plain legal prejudice" for the same reasons set forth above as to why the second factor does not weigh either in favor of or against the determination.

The fourth factor – whether a summary judgment motion has been filed – does not weigh in favor of or against a determination that ASIG will suffer "plain legal prejudice". ASIG did file a motion for summary judgment, but: it joined in two motions to continue the deadlines in this matter; had sought leave to file a summary judgment before the first case management conference

8

had taken place – and without allowing Plaintiff any time to conduct discovery; and filed its summary judgment motion after the filing of Plaintiff's First Motion and Plaintiff's Second Motion. ASIG could have and should have awaited a decision on these motions or even one of them, so as not to incur the time and expense of preparing its summary judgment motion. Finally, had it agreed to a dismissal without prejudice as early as February 6, 2020, ASIG would not have incurred the time and expense of preparing that motion.

Thus, ASIG has not established that it will suffer "plain legal prejudice" if Plaintiff's First Motion is granted.

As to Onyx's opposition to Plaintiff's Motion, it has not conducted a "plain legal prejudice" analysis or cited or discussed any legal authority to support its opposition to Plaintiff's First Motion. While Onyx does have pending counterclaims, as Plaintiff correctly points out, they can be reasserted if Plaintiff re-files the instant matter. Both Plaintiff's claims against Onyx and its counterclaims against Plaintiff are two sides of the same coin: each side requests a declaration in its favor concerning liability coverage under the Onyx policy. Moreover, Onyx's argument that an empty chair that ASIG could leave behind upon re-filing – presumably if Plaintiff does not include ASIG as a named defendant – is unpersuasive since whether Plaintiff will include ASIG as a named defendant in any re-filed action is unknown at this time.

And, even if Onyx had argued that it will suffer "plain legal prejudice" if Plaintiff's First Motion is granted, the record discussed in detail in the procedural history and background section above demonstrates that Onyx could not demonstrate plain legal prejudice. A trial date has not been set so as to support any argument that it has incurred time and expense in preparing for trial; its early request for leave to file a dispositive motion was denied because Plaintiff had not had the opportunity to conduct discovery; it had the opportunity to agree to allow Plaintiff to dismiss

9

without prejudice in February, 2020 but did not agree; it conducted some limited written discovery but also joined in two motions to extend the deadlines due to the constraints associated with the COVID-19 pandemic; and although it filed a summary judgment motion, like ASIG, it did so after Plaintiff's First Motion and Plaintiff's Second Motion were filed, and after having been given the opportunity to avoid the time and expense of preparing the summary judgment motion by agreeing to allow Plaintiff to dismiss without prejudice in February, 2020.

Accordingly, Plaintiff's First Motion is GRANTED. Plaintiff's claims are dismissed without prejudice. Onyx's counterclaims are dismissed without prejudice. The granting of Plaintiff's First Motion makes the remaining pending motions moot and they are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: November 16, 2020

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE